[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion for summary judgment with respect to the fourth count of plaintiff's complaint dated July 3, 1990.
The fourth count alleges that the termination letter sent to the plaintiff by the defendant contained language which was "false and defamatory" and that the statement was also made with "malice and bad faith, and with the intention to injure the reputation, character and emotional well being of the plaintiff."
The letter was addressed to the plaintiff and came from the defendant's plant manager. Other personnel of the CT Page 4159 defendant received copies of the letter, and the letter was also read aloud in the presence of defendant's shop foreman. There was no further publication.
In order for a cause of defamation of character to exist, both publication and harm to reputation must exist.
Neither of our appellate courts have as yet, addressed the question as to whether dissemination of defamatory matter only among corporate employees constitutes publication.
The United States District Court, District of Connecticut, has, however, addressed just this question in L. Cohen Company v. Dun Bradstreet, Inc., 629 F. Sup. 1425
(1986).
Judge Cabranes specifically held
 "Accordingly, the court holds that the dissemination of an allegedly defamatory material among employees of a corporate defendant does not constitute a separate `publication' of that material under Connecticut law." Cohen (supra at pg. 1427).
The Court recognized that contrary holdings have been adopted by some courts. It apparently rejected those holdings because of the possibility of an unwarranted increase in the number of defamation suits filed in our courts and also, in some circumstances the rule urged by these other courts might, in some instances, actually discourage the correction of inaccurate information.
This Court agrees. As stated in Halsell v. Kimberly Clark Corporation, 683 F.2d 285, 288 (8th Cir. 1982), the passage of alleged defamatory material from one employee to another amounts to nothing more than the corporation, through its agents, talking to one another, and until the statement is communicated outside the corporate sphere, it has not been published.
The motion for summary judgment as to count four is granted.
MIHALAKOS, J. CT Page 4160